UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Theodore J. Bolick, ) | Civil Action No.: 5:20-cv-03119-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sheriff Phillip Thompson, Director Rhodes, ) | |
| Major J. Johnson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Theodore J. Bolick was a pretrial detainee at the J. Reuben Long Detention Center[1] and filed this action under 42 U.S.C. § 1983 alleging Defendants Sheriff Phillip Thompson, Director Rhodes, and Major J. Johnson violated his constitutional rights for failing to provide him and other prisoners masks to protect against the transmission of COVID-19. Plaintiff alleges the Defendants were deliberately indifferent to the health and safety of the prisoners at the detention center. Plaintiff seeks injunctive relief in the form of an order mandating that all prisoners at J. Reuben Long Detention Center be provided masks. Plaintiff also seeks compensatory and punitive damages.

This matter is before the Court on Defendants' [ECF No. 11] motion to dismiss, or, alternatively, for summary judgment. On February 25, 2021, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R") recommending that Defendants' motion to dismiss be granted. Plaintiff timely filed objections to the Magistrate Judge's R&R on March 10, 2021.

---

[1] Plaintiff is no longer detained at the J. Reuben Long Detention Center. According to his notice of change of address, Plaintiff is now incarcerated within the South Carolina Department of Corrections at Kershaw Correctional Institution.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommended that Defendants' motion to dismiss be granted because Plaintiff failed to state a claim under 42 U.S.C. § 1983 regarding his conditions of confinement. As to Plaintiff's claim for injunctive relief (the request that all prisoners at J. Reuben Long Detention Center be provided masks or allowed to wear masks), the Magistrate Judge found that this claim was moot because Plaintiff is no longer incarcerated at the J. Reuben Long Detention Center. As to Plaintiff's claim for money damages (compensatory and punitive damages), the

Magistrate Judge found that Plaintiff failed to state a claim because he did not suffer any injury for which he could seek damages.

In his objections to the R&R, Plaintiff argues that if given the chance to conduct discovery, he will be able to demonstrate an actual injury. Specifically, Plaintiff argues that if discovery is conducted, he will be able to show that Defendants' deliberate indifference was so gross and careless it inflicted mass fear on the Plaintiff and other prisoners.

The Prison Litigation Reform Act of 1996 provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Furthermore, "[t]here is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims." *Piucci v. Dennis*, No. 8:20-CV-01157-SAL-JDA, 2020 WL 3130257, at *5 (D.S.C. May 19, 2020), report and recommendation adopted, No. 8:20-CV-01157-SAL, 2020 WL 3130250 (D.S.C. June 12, 2020); *Khan v. Stirling*, No. 9:18-cv-3130-BHH-BM, 2019 WL 3976626, at *5 (D.S.C. July 24, 2019), Report and Recommendation adopted by 2019 WL 3973708 (D.S.C. Aug. 22, 2019); *see also Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989).

Plaintiff does not allege or claim that he suffered a physical injury resulting from his conditions of confinement at the J. Reuben Long Detention Center. As a result, Plaintiff's suit seeking to recover compensatory and punitive damages under § 1983 for the alleged fear, psychological distress, or mental injury he suffered as a result of Defendants' handling of the

3

COVID-19 pandemic fails. Also, because Plaintiff is no longer a prisoner in that facility, his claim for injunctive relief is moot. Plaintiff has failed to state a claim under § 1983 regarding his conditions of confinement at the J. Reuben Long Detention Center. *See Mayfield v. Fleming*, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating "as the district court noted, Mayfield is no longer a prisoner in that facility; consequently, his claim for injunctive relief is moot" and "the district court correctly concluded that Mayfield's claim for money damages is barred because he can show no physical injury"). Accordingly, Plaintiff's objections to the R&R are overruled and Defendants' motion to dismiss is due to be granted.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections [ECF No. 32] and **ADOPTS** the Magistrate Judge's R & R [ECF No. 28]. Defendants' [ECF No. 11] motion to dismiss or, alternatively, for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

April 1, 2021                                      s/ R. Bryan Harwell
Florence, South Carolina                  R. Bryan Harwell
                                                          Chief United States District Judge